

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-3252
Re: Whether use tax on automobile
must be paid by resident of this
State on automobile purchased in
another State to which State
sales tax was paid.

Your letter of March 12, 1942, presents the following
fact situation:

"A resident of El Paso County, through neces-
sity, that is, the destruction of his car, purchased
an automobile in another state while on a cross-coun-
try trip, and paid a sales tax on the purchase of the
car to the state in which it was purchased. He now
desires to obtain a state certificate and license, and
the Tax Assessor and Collector wishes to know whether
he must collect the use tax, and if so, whether or not
credit should be allowed in the amount of the sales tax
paid in the state where the car was purchased."

Sections 1(a) and 2 of Article 6, House Bill 8, 47th
Legislature, read as follows:

"There is hereby levied a tax upon every retail
sale of every motor vehicle sold in this State, such
tax to be equal to one (1) per cent of the total con-
sideration paid or to be paid to the seller by the
buyer, which consideration shall include the amount
paid or to be paid for said motor vehicle and all ac-
cessories attached thereto at the time of the sale,
whether such consideration be in the nature of cash,
credit, or exchange of other property, or a combination
of these. In the event the consideration received by
the seller includes any tax imposed by the Federal Gov-
ernment, then such Federal tax shall be deducted from
such consideration for the purpose of computing the
amount of tax levied by this Article upon such retail
sale."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2


"Section 2. There is hereby levied a use tax upon every motor vehicle purchased at retail sale outside of this State and brought into this State for use upon the public highways thereof by a resident of this State or by firms or corporations domiciled or doing business in this State. Such tax shall be equal to one (1) per cent of the total consideration paid or to be paid for said vehicle at said retail sale. The tax shall be the obligation of and be paid by the person, firm, or corporation operating said motor vehicle upon the public highways of this State."

Section 5 of said Article 6 provides the method of collection of the taxes provided in Sections 1 (a) and 2, and reads:

"The taxes levied in this Article shall be collected by the Assessor and Collector of Taxes of the county in which any such motor vehicle is first registered or first transferred after such a sale; the Tax Collector shall refuse to accept for registration or for transfer any motor vehicle until the tax thereon is paid.

"When a tax becomes due on a motor vehicle purchased outside of this State and brought into this State for use upon the highways, the person, firm, or corporation operating said motor vehicle upon the public highways of this State shall pay the tax imposed by Section 2 to the Tax Collector of the county in which such motor vehicle is to be registered. The tax shall be paid at the time application is made for registration of said motor vehicle, and the Tax Collector shall refuse to issue the registration license until the tax is paid."

Section 3 (b), Article 6, defines a "retail sale" as follows:

"The term 'retail sale' or 'retail sales' as herein used shall include all sales of motor vehicles except those whereby the purchaser acquires a motor vehicle for the exclusive purpose of resale and not for use."

It will be noted that "every motor vehicle" purchased at retail sale outside of this State, by a resident of this State, and brought into this State for use upon the highways thereof, is subject to the use tax by the terms of Section 2, supra. Only one measure of the tax is provided. It shall be equal to one per cent of the total consideration paid at retail sale for such motor vehicle. Section 1(a) is a sales tax. Section 2 is a use tax, levied for the privilege of using the highways of this State, and is levied upon every resident of this State coming within its terms. We find no exceptions in the law and we find no provision requiring or authorizing the Tax Collector to inquire into the motives of the purchaser or the circumstances under which the purchase at "retail sale" was made, in order to determine whether the tax is due.

We hold that when a resident of this State purchases an automobile at retail sale in another state and brings it into this State for use upon the highways thereof, he is subject to the full amount of the use tax provided for by Section 2, Article 6, House Bill No. 8, 47th Legislature, whether he has paid a sales tax to the State where the purchase was made or not.

This opinion is in harmony with our Opinions Nos. O-3486, O-4401, O-3495 and O-3519, all of which are in response to questions heretofore submitted by you.

We trust that the above has fully answered your inquiry. We retain your enclosure.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     *Fowler Roberts*

Fowler Roberts
Assistant

FR:ej

